IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02597-PAB-MEH

RAJEEV KUMAR, M.D.,

    Plaintiff,

v.

COPPER MOUNTAIN, INC., a Delaware corporation, d/b/a Copper Mountain Resort,

    Defendant.

## ORDER ON DEFENDANT'S MOTION FOR RELIEF REGARDING PLAINTIFF'S EXPERT DEPOSITION FEES

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant's Motion for Relief Regarding Plaintiff's Expert Deposition Fees [filed December 12, 2008; docket #38]. The Motion has been referred to this Court for adjudication [docket #39]. As represented in Defendant's Motion, Plaintiff's counsel does not oppose the relief sought, therefore this Motion is unopposed. For the reasons stated below, the Court orders Defendant's Motion for Relief Regarding Plaintiff's Expert Deposition Fees be **granted**.

Defendant seeks to limit the deposition fees of Plaintiff's expert, Dr. Kevin Varner, M.D., to $750.00 or less per hour. Dr. Varner presently charges $1,500.00 per hour with a minimum two hour deposit. (Docket #38 at ¶ 2.)

Federal Rule of Civil Procedure 26(b)(4)(C) governs payment of experts and states in pertinent part, "Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule

26(b)(4)(A) or (B). . . ."[1] The Court may consider several factors in evaluating whether a fee is "reasonable" under Rule 26(b)(4)(C):

> (1) The witness' area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Grady v. Jefferson County Bd. of County Comm'rs*, 249 F.R.D. 657, 659 (D. Colo. 2008) (citing *Young v. Global 3, Inc.*, 2005 WL 1423594, at *1 (D. Colo. May 26, 2005); *see also U.S. Energy Corp. v. NUKEM, Inc.*, 163 F.R.D. 344, 345-46 (D. Colo. 1995) (citations omitted).

Regarding the first and second factors, Dr. Varner is a licensed orthopedic surgeon, which, as evidenced by his description in Plaintiff's Disclosure of Expert Witnesses and as most lay-people would conclude, requires extensive specialized education and training. (Docket #38-2 at 8.) To evaluate the third factor, the Court refers to Defendant's description of the fees requested by the two other treating doctors who also are providing deposition testimony, Dr. Morley and Dr. Desai. As stated in Plaintiff's Disclosure of Expert Witnesses, attached as Exhibit A to Defendant's Motion presently before the Court, Dr. Desai and Dr. Varner are board certified in orthopedic surgery, and Dr. Morley is an osteopathic physician. (*Id*. at 3, 6, 8.) Dr. Varner is licensed to practice in the state of Texas, and Drs. Desai and Morely are licensed to practice in Colorado. (*Id*.) According to

---

[1]Defendant cites no case law in its Motion, but refers to Sections 9.2 and 9.3 of the Interprofessional Code, Second Edition, drafted by the Interprofessional Committee and endorsed by the Colorado Bar Association, Denver Bar Association, and Colorado Medical Society. (*See* docket #38-3.) In *Baker v. Taco Bell Corp.*, the District Court determined the Interprofessional Code is "not a code adopted by the Colorado Supreme Court or by the Colorado legislature . . . It is not a rule of law or procedure." 163 F.R.D. 348, 351 (D. Colo. 1995).

Defendant, Drs. Desai and Morely each charge $750.00 per hour with a one hour minimum for deposition testimony. (Docket #38 at ¶ 6.)

The parties did not provide information regarding the fourth factor, "the nature, quality and complexity of the discovery responses provided," other than that the discovery sought is in the form of a one to one and one-half hour deposition. (*Id*. at ¶¶ 1, 3.) To satisfy the fifth factor, Dr. Varner's fee, as it stands, is twice the amount requested by Dr. Desai and by Dr. Morely, at $1,500.00 per hour with a two hour minimum for deposition testimony. (*Id*. at ¶ 2.)

The sixth factor evaluates "fees traditionally charged by the expert on related matters." The Court found no on-point case law describing deposition rates for orthopedic surgeons in Colorado, but one recent case from the Northern District of California described the court's enforcement of a deposition fee of $800.00 per hour for an orthopedic surgeon, similar to what Defendant seeks in this matter. *Lemas v. Brown*, 2008 WL 4665317, at *2 (N.D. Cal. Oct. 20, 2008.) Analogously, the *Grady* Court determined a Pennsylvanian neurosurgeon's deposition rate of $2,000.00 to be "grossly excessive" and nearly "extortionate," compared to two Colorado neurosurgeon's charged rates of $450.00 per hour for deposition testimony. 249 F.R.D. at 662. In that case, the court lowered the Pennsylvanian neurosurgeon's rate to not more than $600.00. *Id*.

Considering the Court's obligation as a "gatekeeper against excessive windfall billing," the Court must ensure the existence of some "reasonable relationship between the services rendered and the remuneration to which the expert is entitled." *Grady*, 249 F.R.D. at 662; *see also U.S. Energy Corp*., 163 F.R.D. at 346-47. Based on the rates charged by Drs. Morley and Desai, the comparable rate for an orthopedic surgeon as described by *Lemas*, the analogous *Grady* decision, and that this Motion is unopposed, the Court decides Dr. Varner may charge no more than $750.00 per hour for

3

deposition testimony and may require no more than a one hour minimum.

Accordingly, for the reasons stated above, it is hereby ordered that Defendant's Motion for Relief Regarding Plaintiff's Expert Deposition Fees [filed December 12, 2008; docket #38] be **granted** and Dr. Varner's deposition testimony fee limited to no more than $750.00 per hour, with no more than a one hour required minimum.

Dated at Denver, Colorado, this 15th day of December, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge