IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02597-PAB-MEH

RAJEEV KUMAR, M.D.,

   Plaintiff,

v.

COPPER MOUNTAIN, INC., a Delaware corporation, d/b/a Copper Mountain Resort,

   Defendant.

## ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Pending before the Court is Plaintiff's Motion to Compel Discovery [filed December 19, 2008; docket #42]. The motion is fully briefed and can be adjudicated without oral argument. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion to Compel.

**I.     Background**

Plaintiff in this case was injured skiing over a cornice[1] at Defendant ski resort on March 16, 2006. Plaintiff contends that the cornice was inadequately marked, and that Defendant failed to sufficiently warn him of the danger of skiing over the cornice (a danger of which Plaintiff contends Defendant was aware). Defendant contends that a cornice is a statutorily recognized inherent danger and risk of skiing and, as such, its existence and any notice that Defendant had of its dangerousness are not at issue.

In the current dispute, Plaintiff seeks documents relating to (1) Defendant's measurements of the cornice in November or December 2007; (2) other incidents at this particular cornice; and (3) Defendant's counsel's measurements and photographs of the cornice in late fall 2007. Defendant

---

[1] Defined by Merriam-Webster's Online Dictionary as "an overhanging mass of windblown snow or ice usually on a ridge."

objects on various grounds that will be addressed by the Court in relevant part.

## II.     Discussion

Concerning items (1) and (3), the Court does not believe that the potential evidence meets the minimum requirements of Fed. R. Evid. 401. Defendant asserts without contradiction by Plaintiff that this cornice "is a naturally occurring terrain feature that is subject to wind and snow. The features of the cornice can change from hour to hour let alone day to day depending on the weather." (Docket #49 at 6.) The Court cannot see how the condition of this cornice in a different *year* (and a different month of the year) is relevant to the accident at issue in this case. Plaintiff certainly has had the ability to observe the cornice and take measurements and photographs (upon reasonable notice to the Defendant) and could do so again at any reasonable time, and such evidence would be no more nor less relevant than Defendant's measurements.

As for item (2), documents relating prior accidents, a canvass of cases nationally has demonstrated to the Court that the judiciary views such evidence as, at the very least, discoverable if not admissible for certain purposes in cases involving personal injury. For example, in a case in which a patron fell and broke her hip at theater and brought a personal injury action against theater owner, then-Colorado Court of Appeals Judge Lewis Babcock stated as follows:

> Defendant first argues that the [investigative] reports were inadmissible as evidence of prior similar occurrences because there was not sufficient similarity between the incidents reported and plaintiff's fall. We disagree. To be admissible, prior incidents must have occurred under substantially similar circumstances. *Millenson v. Department of Highways,* 41 Colo.App. 460, 590 P.2d 979 (1978). Here, there is evidence of substantial similarity of circumstances between prior falls and the plaintiff's fall with regard to the nature of the accidents, their location, the quality of lighting, and the condition of the theater.

*Jacobs v. Commonwealth Highland Theatres, Inc.*, 738 P.2d 6, 10 (Colo. Ct. App. 1986). Other Colorado cases are in agreement. *E.g.*, *Vista Resorts, Inc. v. Goodyear Tire & Rubber Co.*, 117 P.3d 60, 67 (Colo. Ct. App. 2004) ("Prior incidents involving other "untoward consequences" are relevant

because the reports serve as notice that something may be amiss in the product."); *Sewell v. Public Service Co. of Colorado*, 832 P.2d 994, 999 (Colo. Ct. App. 1991) ("Thus, if one of the issues is the knowledge or intent of a defendant, information respecting prior incidents, even those not involving the plaintiff, may be relevant for discovery purposes."). The same is true for other state and federal jurisdictions. *Davis v. Globe Mach. Mfg. Co.,* 102 Wn.2d 68, 77, 684 P.2d 692 (1984) *and Turner v. City of Tacoma,* 72 Wn.2d 1029, 1036, 435 P.2d 927 (1967) (evidence of prior accidents which occurred under substantially similar circumstances is admissible for the purpose of demonstrating a dangerous condition or notice of a defect); *Merrill v. Sugarloaf Mountain Corp.*, 745 A.2d 378, 386 (Me. 2000) (evidence of other similar accidents or occurrences may be relevant circumstantial evidence tending to establish the existence of a dangerous condition, notice on the part of the defendant, or causation on the occasion in question).

Furthermore, the Tenth Circuit has made a similar finding in the products liability context. *E.g.*, *Black v. M&W Gear Co.*, 269 F.3d 1220, 1227 (10th Cir. 2001) ("[E]vidence of other accidents in a products liability suit is relevant to show notice, demonstrate the existence of a defect, or to refute the testimony of a defense witness. . . . Before evidence of other accidents is admissible for any purpose, however, the party seeking its admission must show the circumstances surrounding the other accidents were substantially similar to the accident that is the subject of the litigation before the court.") (citing *See Four Corners Helicopters, Inc. v. Turbomeca, S.A.,* 979 F.2d 1434, 1440 (10th Cir.1992)). There is no logical reason to limit this holding to the products liability context, and the Court is unaware of any Tenth Circuit case containing such a limitation.

Of course, only evidence concerning accidents that are substantially similar to the accident in the present case are discoverable. The Court finds that documentation involving any incident in which a skier went over this cornice (known as "Celebrity Cornice") and, as a result of such passage was injured in any way (in a single skier event) suffices.

3

Defendant has produced documents relating to such accidents but has redacted the names of injured skiers, names of witnesses, and, according to Plaintiff, the precise nature of injuries. The parties appear to agree that the balancing test in *Denver Policemen's Protective Assoc. v. Lichtenstein*, 660 F.2d 432 (10th Cir. 1981) applies here. Under that test, the Court believes that the legitimate expectation of privacy (including not being dragged into a civil lawsuit about which they have no knowledge) outweighs any compelling state interest in this private civil lawsuit, and the disclosure ordered by the Court is the least intrusive manner in which to accomplish the goal of discovery. Therefore, for purposes of the federal rules, Defendant may redact the names and addresses of the injured skiers and witnesses (if not employed with Defendant), but must produce all other information unredacted. To the extent Defendant has not done this, Plaintiff's motion is granted. Having such information will suffice to permit Plaintiff to establish a dangerous condition, notice, or causation to the extent that the District Judge determines that any of those elements are appropriate in this case and that such information is relevant and admissible.

### III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Compel Discovery [filed December 19, 2008; docket #42] is **granted in part** and **denied in part** as set forth herein. Defendant shall provide Plaintiff with documents as described in this order on or before **February 4, 2009**.

Dated at Denver, Colorado, this 28th day of January, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge