IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02597-PAB-MEH

RAJEEV KUMAR, M.D.,

    Plaintiff,

v.

COPPER MOUNTAIN, INC., a Delaware corporation, d/b/a Copper Mountain Resort,

    Defendant.

**ORDER ON PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION AND TO DEEM SUCH REQUESTS ADMITTED OR, ALTERNATIVELY, TO COMPEL ANSWER TO INTERROGATORY**

Pending before the Court is Plaintiff's Motion to Determine Sufficiency of Defendant's Responses to Plaintiff's Requests for Admission and to Deem Such Requests Admitted or, Alternatively, to Compel Answer to Interrogatory [filed March 24, 2009; docket #70]. The Motion is fully briefed and can be adjudicated without oral argument. For the reasons stated below, the Court orders Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

**I.    Background**

Plaintiff in this case was injured skiing over a cornice at Defendant ski resort on March 16, 2006. Plaintiff contends that the cornice was inadequately marked, and that Defendant failed to sufficiently warn him of the danger of skiing over the cornice (a danger of which Plaintiff contends Defendant was aware). Defendant contends that a cornice is a statutorily recognized inherent danger and risk of skiing and, as such, its existence and any notice that Defendant had of its dangerousness are not at issue.

Underlying the current dispute, Plaintiff submitted six requests for admission. Plaintiff sought to have Defendant admit that: (1) each charge on an itemization of medical expenses was incurred in the treatment of injuries sustained in the accident; (2) each benefit form and medical bill underlying the itemization of medical expenses (approximately 280 pages) is a true and accurate copy for authentication purposes; (3) each charge on the itemization was reasonable in amount; (4) each charge was necessary to treat injuries received in the accident; (5) every document produced by Defendant is authentic under Fed. R. Evid. 901; and (6) every document produced by Plaintiff is authentic under Fed. R. Evid. 901.

**II.     Discussion**

The Court agrees with the philosophical position of the Plaintiff in his Reply concerning not only the logic of minimizing expenses in this lawsuit, but also the mandates of the Federal Rules of Civil Procedure and Federal Rules of Evidence to streamline authenticity issues. However, since the time of filing of Plaintiff's Motion, the Court has entered its Pretrial Order which includes Plaintiff's identification of 102 exhibits and Defendant's identification of 24 exhibits. Instead of debating whether the Defendant must stipulate to the entire universe of discovery documents, the Court believes it would be more efficient and relevant to limit Plaintiff's inquiry to those documents identified as exhibits. Therefore, the Court will deny Plaintiff's Motion without prejudice. The Court will deem Plaintiff's Requests for Admission Nos. 1-4 as being renewed as to Plaintiff's trial exhibits, and Requests for Admission Nos. 5-6 as being renewed as to Plaintiff's and Defendant's trial exhibits. Defendant shall respond to the renewed Requests for Admission at the same time as its objections to Plaintiff's exhibits (pursuant to Paragraph 8 of the Final Pretrial Order), which are due May 26, 2009. The Court would not anticipate a serious issue concerning the ability of

Defendant to respond except with regard to Request for Admission No. 3. Many trials do result in the defendant not raising an objection to the reasonableness of medical charges, but the Court would hesitate to suggest that a defendant must admit reasonableness in advance of trial.

## III.     Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Determine Sufficiency of Defendant's Responses to Plaintiff's Requests for Admission and to Deem Such Requests Admitted or, Alternatively, to Compel Answer to Interrogatory [filed March 24, 2009; docket #70] is **denied without prejudice** as set forth herein.

Dated at Denver, Colorado, this 5th day of May, 2009.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge