IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-02597-PAB-MEH

RAJEEV KUMAR, M.D.,

    Plaintiff,

v.

COPPER MOUNTAIN, INC.,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on plaintiff Rajeev Kumar's motion for review of the Clerk's ruling on the bill of costs [Docket No. 118]. Judgment entered in this case in favor of defendant Copper Mountain, Inc. on November 23, 2009 [Docket No. 111]. Defendant, as the prevailing party, filed an original and supplemental proposed bill of costs [Docket No. 112, 113]. On December 16, 2009, the Clerk of the Court allowed certain costs and disallowed others, ultimately taxing costs in the amount of $3,512.66 [Docket No. 114]. On December 23, 2009, plaintiff filed the present motion challenging the taxation of $704.25 of those costs.

The challenged amount represents the costs associated with three deposition transcripts of three potential witnesses in the case, Chuck Tolton, Richard Croteau, and Roger Pert. Plaintiff argues that these costs should be excluded because they were not "necessarily obtained for use" in this case by the defendant. Plaintiff notes that, except for one page of one of the transcripts, defendant did not reference them in the context

of the dispositive summary judgment motion in the case. Plaintiff also remarks that the Court's order granting summary judgment to the defendant negated any further need for the transcripts.

The Tenth Circuit's opinion in *In re Williams Securities Litigation-WCG Subclass* provides all the necessary background for this motion:

> Rule 54(d)(1) provides that costs, other than attorney's fees, should generally "be allowed to the prevailing party." We have recognized that the district court's discretion in taxing costs is limited in two ways. *See Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458-59 (10th Cir. 1995) (en banc). First, "Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Id.* at 459. Second, the district court "must provide a valid reason" for denying such costs. *Id.*; *see also Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995) (stating that denying costs to a prevailing party is a "severe penalty" and explaining that "there must be some apparent reason to penalize the prevailing party if costs are to be denied").
>
> Items proposed by prevailing parties "as costs should always be given careful scrutiny." *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988), *overruled on other grounds as recognized by Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir.1996). The costs statute allows a judge or clerk of any court of the United States to tax costs for transcripts and copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) & (4). Both parties agree that this standard governs the costs at issue in this appeal.
>
> The "necessarily obtained for use in the case" standard does not allow a prevailing party to recover costs for materials that merely "added to the convenience of counsel" or the district court. *Touche Ross*, 854 F.2d at 1245. To be recoverable, a prevailing party's transcription and copy costs must be "reasonably necessary to the litigation of the case." *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000). Materials produced "solely for discovery" do not meet this threshold. [*Furr v. AT & T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987)]. At the same time, we have acknowledged that materials may be taxable even if they are not "strictly essential" to the district court's "resolution of the case." *Id.* The "realities of litigation occasionally dispense with the need of much of the discovery already taken by the parties when, for instance, a dispositive motion is granted by the trial court." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d

1336, 1340 (10th Cir. 1998). Our cases establish that if deposition transcripts or copies were "offered into evidence," were "not frivolous," and were "within the bounds of vigorous advocacy," costs may be taxed. *Id.* (citing *Furr*, 824 F.2d at 1550). This standard recognizes that "caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation," including the "possibility of trial." *Id.*

Thus, we do not "employ the benefit of hindsight" in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case. *Id.* We base this determination, instead, solely "on the particular facts and circumstances at the time the expense was incurred." *Id.*; *see also Allison v. Bank One-Denver*, 289 F.3d 1223, 1249 (10th Cir. 2002) (recognizing that as long as the expense "appeared to be reasonably necessary at the time it was" incurred, "the taxing of such costs should be approved"). The standard is one of reasonableness. *See Mitchell*, 218 F.3d at 1204. If "materials or services are reasonably necessary for use in the case," even if they are ultimately not used to dispose of the matter, the district court "can find necessity and award the recovery of costs." *Callicrate*, 139 F.3d at 1339. Thus, we will not "penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case." *Id.* at 1340.

A prevailing party bears the burden of establishing the amount of costs to which it is entitled. *See Allison*, 289 F.3d at 1248. Our precedents establish that the amount a prevailing party requests "must be reasonable." *Callicrate*, 139 F.3d at 1339. Once a prevailing party establishes its right to recover allowable costs, however, the burden shifts to the "non-prevailing party to overcome" the presumption that these costs will be taxed. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).

The district court possesses "broad discretion" in awarding costs. *Touche Ross*, 854 F.2d at 1247; *see also Callicrate*, 139 F.3d at 1339 ("The taxing of costs rests in the sound judicial discretion of the district court."). Accordingly, we review costs awards only for an abuse of that discretion. *See Touche Ross*, 854 F.2d at 1245. A district court abuses its discretion where it (1) commits legal error, (2) relies on clearly erroneous factual findings, or (3) where no rational basis exists in the evidence to support its ruling. *See Elephant Butte Irrigation Dist. v. U.S. Dep't of the Interior*, 538 F.3d 1299, 1301 (10th Cir. 2008).

3

558 F.3d 1144, 1147-48 (10th Cir. 2009).

In the present case, based upon the particular facts and circumstances at the time the expense was incurred, I find that the expense of the three transcripts in question was reasonably necessary for use in the case. At the time the expense was incurred, the case was heading toward trial. While plaintiff notes that the three depositions at issue were of witnesses who were current or former employees of the defendant, it was reasonable for the defendant to request transcripts of that testimony for review during trial preparation and potential use of it at trial. Therefore, I concur with the Clerk's decision in allowing the costs of the deposition transcripts for Chuck Tolton, Richard Croteau, and Roger Pert as reasonably necessary to the litigation of this case. The defendant should not be penalized for continuing to prepare for trial in this case prior to prevailing on its motion for summary judgment.

Accordingly, it is

**ORDERED** that plaintiff Rajeev Kumar's motion for review of the Clerk's ruling on the bill of costs [Docket No. 118] is DENIED.

DATED June 1, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge